PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CHARLES LEONARD GALLOWAY, | ) |
| | ) CASE NO. 4:18CV0760 |
| Plaintiff, | ) |
| | ) |
| v. | ) JUDGE BENITA Y. PEARSON |
| | ) |
| WARDEN STEVEN MERLACK, *et al.*, | ) |
| | ) **MEMORANDUM OF OPINION** |
| Defendants. | ) **AND ORDER** |

# I. Introduction

*Pro se* Plaintiff Charles Galloway brings this *in forma pauperis* civil action against Warden Steven Merlack, Dr. Dunlop, Nurse Tomko, the Department of Justice, and the Federal Bureau of Prisons (collectively "Defendants"). Complaint (ECF No. 1). Plaintiff was a federal inmate incarcerated at FCI Elkton at all times relevant to this action.[1] He asserts a personal

---

[1] According to the Bureau of Prisons ("BOP") website (http://www.bop.gov/inmateloc/ (last visited October 29, 2018)), Plaintiff is currently housed at FTC Oklahoma City.
Plaintiff has failed to provide the court with his current address. It is the party, not the court, who bears the burden of apprising the court of any changes to his mailing address. *See Yeschick v. Mineta*, 675 F.3d 622, 630 (6th Cir. 2012) (citing *Casimir v. Sunrise Fin., Inc.*, 299 Fed.Appx. 591, 593 (7th Cir. 2008) (affirming district court's denial of Rule 60(b) motion when movants claimed due to house fire they did not receive mail informing them of court's entry of summary judgment); *Soliman v. Johanns*, 412 F.3d 920, 922 (8th Cir. 2005) ("[A] litigant who invokes the processes of the federal courts is responsible for maintaining communication with the court during the pendency of his lawsuit."); *Watsy v. Richards*, No. 86-1856, 1987 WL 37151, at *1 (6th Cir. April 20, 1987) (affirming dismissal for failure to prosecute when appellant failed to provide district court with "current address necessary to enable communication with him")).

(4:18CV0760)

injury/malpractice claim concerning the medical care he received from federal employees, stating that he sustained a brain injury, and also appears to be asserting a civil rights claim. *See* Civil Cover Sheet (ECF No. 1-1). Galloway alleges that he went to health services at the prison with a friend, who told the doctor that Plaintiff could not speak. The doctor stated that Plaintiff was faking. Plaintiff alleges that he "got up to explain my problem" and Nurse Tomko bumped him. Nurse Tomko called an emergency, and Nurse Tomko and the doctor had Plaintiff "locked up in the hole." Galloway claims that he kept vomiting and was examined by Dr. Clifford, who sent Plaintiff to the hospital. Plaintiff alleges that guards dropped him while at the hospital, necessitating stitches in his mouth. Galloway states that he has experienced acute changes in his health and has repeatedly been in the hospital. ECF No. 1 at PageID #: 3-4. Plaintiff seeks immediate release from prison. ECF No. 1 at PageID #: 5.

## II.  Standard of Review

*Pro se* pleadings are liberally construed by the Court. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Notwithstanding, the district court is required under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A to review these complaints and to dismiss, before service, any such complaint that the Court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010). Moreover, while some latitude must be extended to *pro se* pleadings, the Court is not required to conjure unpleaded facts or construct claims against defendants on behalf of a *pro se*

2

(4:18CV0760)

plaintiff.  See *Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citation omitted); *Thomas v. Brennan*, No. 1:18 CV 1312, 2018 WL 3135939, at *1 (N.D. Ohio June 26, 2018) (citing *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985) and *Erwin v. Edwards*, 22 F. App'x. 579, 580 (6th Cir. 2001)).

In order to withstand scrutiny under §§ 1915(e)(2)(B)(ii) and 1915A, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'"  *Hill*, 630 F.3d at 471 (holding that the Fed. R. Civ. P. 12(b)(6) dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals for failure to state a claim under §§ 1915(e)(2)(B) and 1915A) (quoting *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570)).  In analyzing the sufficiency of plaintiff's complaint under §§ 1915(e)(2)(B) and 1915A, the Court considers the requirements of Fed. R. Civ. P. Rule 8(a)(2) and Iqbal/Twombly.  Rule 8 requires only that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and does not require detailed factual allegations.  That said, the pleader must allege "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at 678 (citing Rule 8; *Twombly*, 550 U.S. at 555).  A complaint must contain more than "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action[.]'"  *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).

(4:18CV0760)

**III. Law and Analysis**

    **A. Plaintiff Fails to State a § 1983 or *Bivens* Claim**

On the Civil Cover Sheet (ECF No. 1-1) filed with the Complaint (ECF No. 1), Plaintiff indicates he is bringing civil rights claims, but does not specify the basis. To the extent that Plaintiff is asserting a claim pursuant to 42 U.S.C. § 1983, those claims are dismissed pursuant to §§ 1915(e)(2)(B) and 1915A. To state a claim under § 1983, Plaintiff must allege that a person acting under color of state law deprived him of rights, privileges, or immunities secured by the Constitution of the United States. *West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff is suing federal prison officials and employees concerning their alleged conduct related to medical treatment he received as a federal prisoner. Even liberally construing the Complaint (ECF No. 1), there are no allegations from which the Court could infer that Defendants acted under color of state law.

To the extent that Plaintiff is asserting a claim pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), those claims are also dismissed. In *Bivens*, the Supreme Court created a limited private right of action for damages against individual federal government officials who are alleged to have violated a person's constitutional rights under color of federal law.[2] The Eighth Amendment forbids cruel and unusual punishment

---

    [2] Because *Bivens* claims can only be asserted against individual federal officials, Plaintiff cannot assert a *Bivens* claim against the Department of Justice and Federal Bureau of Prisons. *See Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 70-72 (2001); *see also Okoro v. Scibana*, 63 F. App'x 182, 184 (6th Cir. 2003) (plaintiff cannot assert a *Bivens* claim against the Bureau of Prisons because such claims cannot be asserted against a federal agency). Accordingly, the Department of Justice and Federal Bureau of
(continued...)

(4:18CV0760)

of prisoners, and requires prison officials to provide humane conditions of confinement and "ensure that inmates receive adequate food, clothing, shelter, and medical care[.]" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citing *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)). Prison officials violate a prisoner's constitutional rights under the Eighth Amendment with regard to medical care when they are deliberately indifferent to a prisoner's "serious medical needs." *Estelle*, 429 U.S. at 106. Both factors must be satisfied. A serious medical need is one "'that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Jones v. Muskegon Cty.*, 625 F.3d 935, 941 (6th Cir. 2010) (quoting *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008)). To establish deliberate indifference, a plaintiff must show that the prison official "(1) subjectively knew of a risk to the inmate's health, (2) drew the inference that a substantial risk of harm to the inmate existed, and (3) consciously disregarded that risk." *Id.* (citing *Farmer*, 511 U.S. at 837) (further citation omitted).

Plaintiff's allegations in the case at bar are insufficient to assert a plausible Eighth Amendment *Bivens* claim against Warden Merlack. The only allegation in the Complaint against Merlack is that when Plaintiff filed a grievance, the Warden told the regional office that he had received speech therapy, but Plaintiff claims that speech therapy is not available at the prison. *See* ECF. No. 1 at PageID #: 4. Even liberally construing the Complaint (ECF No. 1), the Court cannot infer that this allegation states a plausible claim for an Eighth Amendment violation

---

[2](...continued)
Prisons are dismissed from this action.

5

(4:18CV0760)

against Warden Merlack upon which relief can be granted, and *respondeat superior* liability alone is not a basis for liability in a *Bivens* action. See Okoro v. Scibana, 63 F. App'x 182, 184 (6th Cir. 2003). Accordingly, Plaintiff's claims against Warden Merlack are dismissed pursuant to §§ 1915(e)(2)(B) and 1915A.

Nor does Plaintiff state a *Bivens* claim against Dr. Dunlop or Nurse Tomko. Even liberally construed, Plaintiff's allegations do not support a plausible inference that either Dr. Dunlop or Nurse Tomko were deliberately indifferent to his medical needs. Indeed, Plaintiff's allegations suggest that these Defendants subjectively believed he was faking a medical condition. If Plaintiff is alleging that Dr. Dunlop and Nurse Tomko were negligent with respect to the diagnosis and treatment of a medical condition, those allegations also fail to state an Eighth Amendment *Bivens* claim. Jennings v. Al-Dabagh, 97 F. App'x 548, 550-51 (6th Cir. 2004) (citing *Estelle*, 429 U.S. at 106). Accordingly, to the extent that Plaintiff is asserting *Bivens* claims against Dr. Dunlop or Nurse Tomko, those claims are dismissed pursuant to §§ 1915(e)(2)(B) and 1915A.

**B. Plaintiff Fails to State a FTCA Claim**

Tort claims based on the conduct of federal employees acting within the scope of their employment, such as medical malpractice, may be brought pursuant to the Federal Tort Claims Act ("FTCA"). See Rector v. United States, 243 F. App'x 976, 978 (6th Cir. 2007) (citing 28 U.S.C. §§ 2671-80). But the only relief Plaintiff seeks in the case at bar is immediate release from prison, and the United States has not waived sovereign immunity under the FTCA for any remedy other than compensatory damages. To the extent that Plaintiff is asserting a FTCA claim

6

(4:18CV0760)

for medical malpractice, the Court lacks subject-matter jurisdiction in the instant case because Plaintiff seeks non-compensatory relief.  *See Moher v. United States*, 875 F. Supp. 2d 739, 754-55 (W.D. Mich. 2012) (collecting cases).  Accordingly, Plaintiff's personal injury/medical malpractice claim in the present case is dismissed pursuant to §§ 1915(e)(2)(B) and 1915A.[3]

### IV.  Conclusion

For all of the foregoing reasons, this action is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

The Clerk is directed to issue a copy of this Memorandum of Opinion and Order by regular mail to Charles Leonard Galloway, #53560-037, FTC Oklahoma City, Federal Transfer Center, P.O. Box 898801, Oklahoma City, Oklahoma 73189.

IT IS SO ORDERED.

  October 29, 2018                                */s/ Benita Y. Pearson*
Date                                                Benita Y. Pearson
                                                        United States District Judge

---

[3] The Court notes that Plaintiff's medical malpractice FTCA claims against Dr. Dunlop and Nurse Tomko are proceeding with *pro bono* counsel appointed for Plaintiff before the undersigned in *Galloway v. Warden*, No. 4:16CV0572 (filed March 9, 2016), which alleges facts that are virtually identical to the facts alleged in the instant action.